UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYMAN MANNING III,<br><br>                Plaintiff,<br><br>-v-<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>                Defendant. | Civil Action No.: 1:24-cv-00733-JPC |

**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S
ANSWER, AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Portfolio Recovery Associates, LLC ("PRA"), by counsel, submits the following Answer and Affirmative Defenses to the Complaint ("Complaint") filed by Plaintiff Wayman Manning III ("Plaintiff").

PRA denies, generally and specifically, all allegations in the Complaint not specifically admitted in the paragraphs below. PRA's investigation of the present matter is ongoing. Accordingly, PRA reserves the right to amend this Answer. PRA denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

In response to the separately numbered paragraphs in the Complaint, PRA states as follows:

### I. INTRODUCTION

1. PRA admits that Plaintiff purports to bring this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* PRA denies that it violated the FDCPA and denies Plaintiff is entitled to any of the requested relief and or judgments. The remaining allegations in Paragraph 1 of the Complaint state legal conclusions to which no response

is required. In the event a response is deemed to be required, the allegations in Paragraph 1 of the Complaint are denied.

2.  PRA admits that Plaintiff purports to bring this action under the FDCPA. PRA denies that it violated the FDCPA. PRA denies any remaining allegations in Paragraph 2 of the Complaint.

3.  The allegations in Paragraph 3 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 3 of the Complaint are denied.

4.  The allegations in Paragraph 4 of the Complaint refer to a document which speaks for itself or states legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 4 of the Complaint are denied to the extent they are contrary to law or mischaracterize the document.

## II.   JURISDICTION AND VENUE

5.  The allegations in Paragraph 5 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 5 of the Complaint are denied.

6.  The allegations in Paragraph 6 of the Complaint, including the allegations in subparagraphs (a) through (b), state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 6 of the Complaint are denied.

## III.  PRELIMINARY STATEMENT

In response to the allegations in the unnumbered paragraphs immediately following the header "PRELIMINARY STATEMENT" in the Complaint, PRA states that these allegations refer

to documents – specifically, the text of the FDCPA and its implementing regulations − which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in the unnumbered paragraphs immediately following the header "PRELIMINARY STATEMENT" in the Complaint are denied to the extent they are contrary to law or mischaracterize the documents.

## IV. PARTIES

7. PRA admits Plaintiff is a natural person. PRA lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint and, therefore, denies the same.

8. The allegations in Paragraph 8 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 8 of the Complaint are denied.

9. PRA admits it is a Delaware limited liability company with its principal place of business in Norfolk, Virginia. The remaining allegations in Paragraph 9 of the Complaint are denied.

10. PRA lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged financial obligation to PRA "arose from a transaction entered into primarily for personal use," and therefore, PRA denies the allegations in Paragraph 10 of the Complaint.

11. The allegations in the first sentence of Paragraph 11 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations the first sentence of Paragraph 11 of the Complaint are denied. PRA denies the remaining allegations in Paragraph 11 of the Complaint.

12. PRA denies the allegations in Paragraph 12 of the Complaint.

13. The allegations in Paragraph 13 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 13 of the Complaint are denied.

14. The allegations in Paragraph 14 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 14 of the Complaint are denied.

15. The allegations in Paragraph 15 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 15 of the Complaint are denied.

16. The allegations in Paragraph 16 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 16 of the Complaint are denied.

17. The allegations in Paragraph 17 of the Complaint refer to publicly available documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 17 of the Complaint are denied to the extent they are contrary to law or mischaracterize the documents.

18. The allegations in Paragraph 18 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, PRA admits that in certain circumstances and in certain instances, it may act as a "debt collector" within the meaning of the FDCPA. PRA lacks knowledge or information sufficient to form a belief as to whether Plaintiff's financial obligation arose from one or more transactions which were primarily for personal, family, or household purposes, and therefore is without knowledge regarding whether it

acted as a "debt collector" under the FDCPA with respect to Plaintiff. For this reason, PRA denies the allegations in Paragraph 18 of the Complaint.

19. PRA denies the allegations in Paragraph 19 of the Complaint.

20. The allegations in Paragraph 20 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, PRA admits that in certain circumstances and in certain instances, it may act as a "debt collector" within the meaning of the FDCPA. PRA lacks knowledge or information sufficient to form a belief as to whether Plaintiff's financial obligation arose from one or more transactions which were primarily for personal, family, or household purposes, and therefore is without knowledge regarding whether it acted as a "debt collector" under the FDCPA with respect to Plaintiff. For this reason, PRA denies the allegations in Paragraph 20 of the Complaint.

## V.  FACTS OF THE COMPLAINT

21. PRA lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, therefore, denies the same.

22. PRA lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, therefore, denies the same.

23. The allegations in Paragraph 23 of the Complaint refer to a document which speaks for itself or states legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 23 of the Complaint are denied to the extent they are contrary to law or mischaracterize the document.

24. The allegations in Paragraph 24 of the Complaint refer to a document which speaks for itself or states legal conclusions to which no response is required. In the event a response is

deemed to be required, the allegations in Paragraph 24 of the Complaint are denied to the extent they are contrary to law or mischaracterize the document.

25. PRA lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, therefore, denies the same.

26. The allegations in Paragraph 26 of the Complaint refer to a document which speaks for itself or states legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 26 of the Complaint are denied to the extent they are contrary to law or mischaracterize the document.

27. PRA denies the allegations in Paragraph 27 of the Complaint.

28. PRA denies the allegations in Paragraph 28 of the Complaint.

## VI. FIRST CLAIM FOR RELIEF
### (Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC)
### 15 U.S.C. § 1692c(a)(1)

29. PRA incorporates and re-asserts the responses in the foregoing paragraphs as if fully stated herein.

30. PRA denies the allegations in Paragraph 30 of the Complaint.

31. PRA denies the allegations in Paragraph 31 of the Complaint, including the allegations in subparagraph (a).

32. PRA denies the allegations in Paragraph 32 of the Complaint and further denies Plaintiff is entitled to any of the requested relief and/or judgments.

## VII. JURY DEMAND AND PRAYER FOR RELIEF

PRA admits that Plaintiff seeks a jury trial but denies that Plaintiff is entitled to a jury trial or any relief whatsoever from PRA.

PRA further denies the allegations relating to Plaintiff's request for relief and/or judgment contained in the "WHEREFORE" paragraph under the header "JURY DEMAND AND PRAYER FOR RELIEF," including the allegations and/or requests for relief listed in subparagraphs (A) through (E). PRA denies that Plaintiff is entitled to any of the requested relief and/or judgments from PRA.

## AFFIRMATIVE AND OTHER DEFENSES

PRA hereby sets forth the following affirmative defenses to the Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against PRA and fails to state facts sufficient to entitle Plaintiff to the relief sought.

### SECOND AFFIRMATIVE DEFENSE
### (Bona Fide Error)

Plaintiff's claims under the FDCPA fail to the extent that any violation resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate his alleged damages.

### FOURTH AFFIRMATIVE DEFENSE
### (Arbitration)

To the extent Plaintiff has agreed to arbitrate this dispute in the original agreement creating the obligation, the Complaint violates that agreement, and this matter should be dismissed and/or stayed pending arbitration.

PRA reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant, Portfolio Recovery Associates, LLC, requests that the Court enter an order: (1) dismissing the Complaint with prejudice; (2) awarding PRA its costs and expenses incurred herein; and (3) awarding PRA such other and further relief as the Court may deem just and proper.

                                              Respectfully Submitted,

                                              */s/ Jonathan P. Floyd*
                                              Jonathan P. Floyd
                                              TROUTMAN PEPPER
                                              HAMILTON SANDERS LLP
                                              1001 Haxall Point
                                              Richmond, Virginia 23219
                                              Telephone: (804) 697-1200
                                              Facsimile: (804) 697-1337
                                              Email: jonathan.floyd@troutman.com
                                              *Attorney for Portfolio Recovery Associates, LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 29th day of February 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to all counsel of record.

                            */s/ Jonathan P. Floyd*